# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

—————

No. 14-50352
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2015

Lyle W. Cayce
Clerk

—————

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE MANUEL DEHIJAR-RODRIGUEZ, also known as Jose Manuel Dahijar-Rodriguez,

Defendant - Appellant

Cons. w/ No. 14-50353

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE MARBEL DAHIJAR-RODRIGUEZ,

Defendant - Appellant

—————————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-822-1
USDC No. 2:13-CR-1044-1

—————————

No. 14-50352
c/w No. 14-50353

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Manuel Dehijar-Rodriguez challenges the consecutive sentences imposed following his guilty-plea conviction for illegal reentry into the United States after removal, in violation of 8 U.S.C. § 1326, and the revocation of his prior term of supervised release. He asserts, as he did in district court, that his combined 82-month sentence is greater than necessary to meet the goals of 18 U.S.C. § 3553(a) and is, therefore, substantively unreasonable.

Along that line, he contends the presumption of reasonableness should not apply because: advisory-Sentencing Guideline § 2L1.2, the illegal reentry Guideline, lacks an empirical basis; it double-counts his criminal history; and it overstates the seriousness of his offense, which, according to him, is essentially an international trespass. He also notes that his illegal-reentry conviction is less serious than his previous convictions, yet the sentence imposed in this matter exceeds the sentence imposed in his previous cases. He further contends the sentence fails to reflect his personal history and characteristics.

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The 71-month sentence imposed for Dehijar's illegal reentry offense was within the advisory Guidelines-sentencing range and is, therefore, entitled to a presumption of reasonableness. *E.g., United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). As Dehijar concedes, his contention that Guideline § 2L1.2 is not empirically based is foreclosed, along with his double-counting and international-trespass assertions. *E.g., United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). (He raises the lack-of-empirical-basis claim only to preserve it for possible further review.)

The district court considered, but rejected, Dehijar's attempt to minimize the seriousness of his offenses, noting his history of criminal conduct weighed in favor of a sentence above the 60-month sentence previously imposed. Because Dehijar has not shown the court failed to consider any significant factors, gave undue weight to any improper factors, or clearly erred in balancing the sentencing factors, he has failed to rebut the presumption of reasonableness. *E.g., United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009) (citation omitted).

Similarly, Dehijar has not shown his consecutive 11-month revocation sentence was substantively unreasonable. The district court had the discretion to order consecutive sentences. *E.g., United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009); 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively."); *see also* U.S.S.G. § 7B1.3(f) & cmt. n.4. Because the sentences both fell within the advisory Guidelines-sentencing range and were consistent with the Guidelines' policy

regarding consecutive sentences, they are entitled to a presumption of reasonableness. *E.g.,* U.S.S.G. §§ 7B1.1(a)(2), 7B1.4; *United States v. Candia,* 454 F.3d 468, 473 (5th Cir. 2006). Dehijar has failed to show the district court abused its discretion by imposing the consecutive sentences, and has not rebutted the presumption of reasonableness. *E.g., United States v. Lopez-Velasquez,* 526 F.3d 804, 809 (5th Cir. 2008).

AFFIRMED.